UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS RILEY,  )
            )
       Plaintiff,  )  Case No. 1:06-cv-204
            )
v.            )  Honorable Gordon J. Quist
            )
KEN MCKEE et al.,  )
            )
       Defendants.  )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.    Factual allegations

Plaintiff is presently incarcerated at the Oaks Correctional Facility, but complains of events that occurred while he was housed at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues Ken McKee, IBC Warden; Lieutenant S. Whitaker; Sergeant (Unknown) Ingram; (Unknown) McCallum, Correctional Officer; (Unknown) Kosten, Correctional Officer; D. Emlinger, IBC Grievance Coordinator; and James Armstrong, Manager of Prisoner Affairs.

Plaintiff claims that Defendants' actions violated Michigan Department of Corrections policy directive 02-03-100, and constituted cruel and unusual punishment in violation of his Eight Amendment rights. He alleges that on March 30, 2005, he fell in his cell, striking his head on the toilet. He lost consciousness and sustained a severe laceration over his right eye. His cell-mate activated the emergency call button, but the officers on duty failed to respond for thirty-five minutes.

For relief, Plaintiff requests compensatory damages for his pain, suffering and mental anguish.

## II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has used the Court's form complaint in this action.

documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Plaintiff has submitted copies of grievance numbers 05-4-1533-28E, 05-04-1322-12Z, and 05-4-1532-28E, which pertain to his claims, and which show that he pursued the grievances through Step III of the grievance process. At Step I of his grievances he named Defendant McCallum (No. 05-4-1533-28E), Defendant Kosten (No. 05-4-1532-28E), on-duty officers (Nos. 05-4-1533-28E and 05-4-1532-28E), and the staff in Unit #4 (No. 05-04-1322-12Z).

Plaintiff presented his claims at Step I of the grievance process. However, to satisfy the exhaustion requirement, in addition to raising each claim at Step I of the grievance process, *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003), a prisoner must specifically mention the involved parties in the grievance so that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *and see Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [Michigan Department of Corrections] grievance process." *Burton*, 321 F.3d at 574. Raising allegations against a particular defendant for the first time at Step II or III, including a violation of the grievance procedures, is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. Plaintiff has exhausted his administrative remedies as to Defendants McCallum and Kosten. Even assuming the Court could liberally construe "on-duty officers," and "staff in Unit #4" as satisfying

the exhaustion requirement as to Defendants Whitaker and Ingram, it is clear that Plaintiff has failed to exhaust his administrative remedies with respect to Defendants McKee, Emlinger and Armstrong. A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801, 805-809 (6th Cir. 2005).

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss this action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  May 18, 2006                                    /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE